## Case No. 9,111.

MARSH et al. v. BURROUGHS et al.

SCOTT v. SAME.

[1 Cent. Law J. 125.] [1]

Circuit Court, S. D. Georgia. Nov. Term, 1873.

COMPUTATION OF TIME UNDER STATUTE OF LIMITATIONS — LIMITATION IN FAVOR OF ADMINISTRATORS — STATUTE FIXING BAR WHERE CAUSE OF ACTION HAS ALREADY ACCRUED — TWELVE MONTHS EXEMPTION IN FAVOR OF ADMINISTRATORS — COMPUTATION OF TIME UNDER THE TWO STATUTES.

1. On the 16th day of March, 1869, the legislature of Georgia passed an act providing that all suits of whatever nature, in which the cause of action accrued prior to the 1st day of June, 1865, should be barred unless brought by the 1st day of January, 1870. [Laws 1869, p. 133.] The period thus allowed for bringing suits was nine months and fifteen days. This is held to be a reasonable period in ordinary cases.

2. By the Georgia Code, § 2548, an administrator is not liable to suit until one year from the date of his qualification. It is held that this

---

[1] [Reprinted by permission.]

MARSH (Case No. 9,111)

exemption is not repealed by the act of March 16, 1869. If the latter act has such an effect, it would probably be in contravention of the constitution of the United States; but as it does not, it is a valid enactment.

3. In computing the time which will bar an action with reference to these two statutes, it is held that the administrator is entitled, first to the one year's exemption allowed by section 2548 of the Code, and then that the creditor of the estate is entitled to the nine months and fifteen days of the act of March 16, 1869, added thereto, in which to bring his suit; although the time within which suit may be brought may thereby be extended beyond the 1st day of January, 1870.

[These were suits by William N. Marsh and others against Burroughs and others, and Thomas R. Mills, Jr., administrator with the will annexed of George Hall, deceased, and by Levi H. B. Scott against the same. For two similar cases by the same plaintiffs, previously decided, see Cases Nos. 6,203 and 9,112.]

A. W. Stone and A. T. Akerman, for plaintiffs.

Hartridge & Chisholm, for defendants.

ERSKINE, District Judge. The questions presented being similar, the cases were argued in connection with each other. These suits are two of the numerous cases which have, under various phases, been pending here for years, and known as the "Bank Cases." Many of these cases have from time to time been disposed of by decrees, judgments or compromises. But the question now presented is quite different from any which has hitherto come before the court for determination. No special statement of the contents of the bill or the declaration is necessary to an understanding of the questions given for decision. Suffice it to say that the bill prays a decree for seventy-five thousand dollars against the estate of the deceased for unpaid subscription upon his stock in the Merchants' and Planters' Bank; and in the common law action, the plaintiff demands one hundred thousand dollars as due to him as a holder of notes or bills of this bank—the estate of the deceased being, as is alleged, liable for the same.

All questions except the precise one presented for adjudication may be left out of view. Two pleas in bar are before me,—one to the bill, and the other to the declaration. They are substantially alike, and are based upon the act of the general assembly of this state, approved March 16, 1869. The statute is entitled: "An act in relation to the statute of limitations, and other purposes." The complainant (Marsh) filed exceptions to the plea put in to the bill, and Scott demurred to the plea in bar to his action. The pleas allege that the supposed causes of action accrued prior to the 1st of June, 1865, and that they did not accrue subsequently to that period; and this allegation is not controverted by Marsh or by Scott in their pleadings.

The third section of the act is as follows:

"That all actions on bonds or other instruments under seal, and all suits for the enforcement of rights accruing to individuals or corporations, under the statutes or acts of incorporations, or in any way by operation of law, which have accrued prior to 1st of June, 1865, not now barred, shall be brought by the 1st of January, 1870; or the right of the party plaintiff or claimant, and all right of action for its enforcement, shall be forever barred."

Section 4. "That all actions on promissory notes, bills of exchange or other simple contracts in writing, and all actions upon open accounts, or for breach of any contract, not under the hand of the party sought to be charged, or upon any implied assumpsit or undertaking, which accrued on a contract which was made prior to 1st June, 1865, not now barred, shall be brought by 1st January, (1870) next after the passage of this act, or the right of the party, plaintiff or claimant, and all right of action for its enforcement, shall be forever barred."

Section 5 relates to all actions against administrators, trustees, etc., which accrued prior to 1st June, 1865, and enacts that they shall be brought by 1st January, 1870; and section 6 declares that there shall be no recovery on any liability whatsoever which accrued prior to 1st June, 1865, where the action is not brought by 1st January, 1870. Section 9 repeals conflicting laws.

Turning to section 2530 of the Code, there it is declared that "the administrator shall be allowed twelve months from the date of his qualification to ascertain the condition of the estate." Section 2548 enacts that, "No suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of twelve months from his qualification."

Hall, domiciled in Connecticut, died there in the autumn of 1868, testate, leaving real estate in Georgia disposed of by his will. There was no representation here until the 8th of April, 1869, when the defendant Mills, was appointed temporary administrator and he held this office until the 7th of June, 1869, when permanent letters were granted to him as administrator with the will annexed. The bill in equity referred to was filed by Marsh, against one Burroughs and others, on the 24th of September, 1868, but Mills was not made a party to the bill until the 7th of August, 1871. On the 30th of December, 1870, Scott brought the action at law against Mills, as administrator, as aforesaid.

Adverting to the act of March 16, 1869, it will be seen that from its date to the 1st of January, 1870, the time prefixed by the statute for the closing of the limitation is nine months and fifteen days, and this court has (per ERSKINE, J.) ruled, on more than one occasion, that this is a reasonable period of time within which a creditor, whose right of action accrued anterior to the 1st of June, 1865, and which was current on the 16th of March,

1869, may institute his suit. Whether the general rule as laid down by the court, is attended with exceptions, I will endeavor to indicate. As just mentioned, Mills received his permanent appointment on the 7th of June, 1869, two months and twenty-one days after the passage of the limitation act, and, consequently, nearly seven months before the 1st of January, 1870; and it was not, until the 7th of August, 1871, that he was brought before this court as a defendant in the equity suit. This was two years and two months subsequent to the granting of the permanent letters, and fourteen months subsequent to the expiration of the time of exemption from suit given to an administrator by section 2548 of the Code.

It was insisted by defendant that the twelve months' protection from pursuit by action, allowed to an administrator, was repealed by act of March 16, 1869; but if not so, still the cause of complaint, alleged in the bill against Mills, was nevertheless barred on the 7th of August, 1871, the date on which he was made a defendant. Because, as was contended, the twelve months barred to the administrator expired on the 7th of June, 1870, and allowing nine months and fifteen days to be added to the twelve months, that still the complainant was not within time, for he did not proceed against Mills until the 7th of August, 1871, some four or five months after the bar had attached.

For the complainant it was argued that the twelve months' exemption was not repealed by the act of March 16, 1869; but, if repealed such repeal is ineffectual to bar the suit of complainant, for this would impair the obligation of contracts. And it was correctly said that no state constitution or statute had authority to impair the obligation of antecedent contracts.

I will first direct my attention to the constitutional question made by the counsel for complainant. As already shown, Hall was deceased when the act of March 16, 1869, was passed, and no administration was taken out until nearly three months after the date of this enactment. It cannot, I apprehend, be safely contended that when a party has a subsisting right of action which will be barred by a certain time, that he is compellable to institute proceedings to recover its fruits before the last day of the limitation. Assuming the legal correctness of this, it follows that Marsh had at least to the last day of 1869 in which to bring his suit against Mills. Now suppose Hall had not died until, say, the middle of December, 1869, and the twelve months' exemption stood repealed, Marsh would be environed with unsurmountable evils and difficulties, which he could not have foreseen, and so avoided. As no administrator could have been qualified by the ordinary intermediate the death of Hall and the period fixed for the bar, Marsh's dilemma would have been

this: The statute says, sue by the 1st of January, 1870, and the only reply he could make is, there is no one subject by law to answer the writ of subpoena. If the case under consideration was like the suppositive one, I should be inclined to hold a state statute that produced such a consequence violative of the constitution of the United States; for by thus depriving a party of all remedy, it works a forfeiture of his rights, without fault on his part. But there was a legal representative of Hall, in Mills, the administrator with the will annexed, and who had qualified as such seven months or a little less anterior to the 1st of January, 1870; and if the twelve months' exemption from suit has been repealed by the act of March 16, 1869, he could have been sued before the right of action would have been barred. This fact, however, in its result, would be very much like class legislation, so far, at least as Marsh would be affected; for as there was no representative of the estate of Hall for nearly three months after the passage of the act of March 16, 1869, the nine months and fifteen days allowed to sue in would be diminished to less than seven. Const. Ga. art. 1, § 26. Moreover, whether this would be reasonable time in which to bring civil suits or be barred, I am not called upon to determine. But has the twelve months exempted to an administrator by section 2548 of the Code been repealed? This is the prime question. Mr. Justice McLean, in delivering the opinion of the supreme court of the United States in McClung v. Silliman, 3 Pet. [28 U. S.] 270, said: "Under this statute (section 24 of the judiciary act of 1789 [1 Stat. 85]) the acts of limitations of the several states, where no special provision has been made by congress form a rule of decision in the courts of the United States, and the same effect is given to them as is given in the state courts." The rule of action is formed in the different states as it may have been adopted by legislation or a course of judicial decisions. The rule of decision must be found in the local laws, written or unwritten.

If the act of March 16, 1869, does not repeal the twelve months' exemption from suit, allowed to administrators, and after a careful consideration of the entire statute, I think it does not repeal the exemption given to administrators; therefore, I am of the opinion that it is a valid law, and in consonance with the constitution of the United States. The following case—Moravian Seminary v. Atwood et al.—was recently decided by the supreme court of Georgia, Tripp, J., pronouncing the opinion: "An account was contracted and due in September, 1862. Administration was granted on the estate of the debtor in September, 1869, it not appearing on the record when he died. Suit was instituted on the account in October, 1871. Held, that the plaintiff was barred by the statute of limitations of March 16, 1869."

Even though the plaintiff may not have been entitled to have brought suit against the administrator by the 1st of January, 1870, which we do not determine, the spirit and equity of the statute required that it should have been commenced within a period after twelve months from the grant of administration which was equal to the time allowed by the statute for bringing suits on such debts to wit: from the date of the passage of the act to the 1st of January, 1870. Mills, not having been made a party defendant to the bill filed on the 24th September, 1868, by Marsh against Burroughs and others, until after the expiration of the nine months and fifteen days immediately following the twelve months' exemption from suit given an administrator by the Code, I overrule the exceptions filed by the complainant, and decree the plea to be a full bar to the bill; and it is further ordered that the bill be dismissed as to Mills at cost of complainant.

The common law action having been instituted by Scott against Mills on the 30th of December, 1870, and within the nine months and fifteen days immediately following the twelve months' exemption from action allowed to an administrator by the Code, it is ordered and adjudged that the demurrer to the plea in bar be sustained.

[NOTE. From the judgment rendered in the action at law the defendants sued out a writ of error in the supreme court. Here an order was entered remanding the case, with directions to grant a new trial unless the plaintiff consent to remit from the judgment the excess over $40,000. Mills v. Scott, 99 U. S. 25.]